USDC SCAN INDEX SHEET

















JAH    5/3/06    11:53

3:05-CV-01392    QUALCOMM INC V. BROADCOM CORP

*125*

*PROTO.*

FILED

2006 MAY -3  AM 9: 57

SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  James R. Batchelder (Bar No. 136347)
   DAY CASEBEER MADRID & BATCHELDER LLP
2  20300 Stevens Creek Blvd., Suite 400
   Cupertino, CA  95014
3  Telephone: (408) 873-0110

4  Attorneys for Plaintiff and Counterdefendant
   QUALCOMM INCORPORATED

5

6  Robert S. Brewer, Jr. (SBN 65294)
   James S. McNeill (SBN 201663)
   MCKENNA LONG & ALDRIDGE LLP
7  750 B Street, Suite 3300
   San Diego, CA 92101
8  Telephone (619) 595-5400

9  Attorneys for Defendant-Counterclaimant
   Broadcom Corporation

10

11

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14  | QUALCOMM INCORPORATED, | 05 CV 1392 B (BLM) **[FILED BY FACSIMILE]** |
15  |      Plaintiff, | **STIPULATED [PROPOSED] PROTECTIVE ORDER** |
16  |      v. | **DATE:** |
    |  | **TIME:** |
17  | BROADCOM CORPORATION, | **JUDGE:   MAGISTRATE JUDGE BARBARA L. MAJOR** |
18  |      Defendant. |  |
19  | BROADCOM CORPORATION, |  |
20  |      Counterclaimant, |  |
21  |      v. |  |
22  | QUALCOMM INCORPORATED, |  |
23  |      Counterdefendant. |  |

24

25

26

27

28

ORIGINAL

STIPULATED [PROPOSED] PROTECTIVE ORDER          CASE NO. 05CV1392 B (BLM)



1    It is hereby ordered that the terms and conditions of this Protective Order shall govern the

2    handling of documents, answers to interrogatories, depositions, pleadings, exhibits, computer

3    readable data storage media (including but not limited to source code) and all other information

4    exchanged by the parties in this action, or provided by or obtained from non-parties in this action.

5    It is hereby ORDERED as follows:

6    1.    **Applicability of Protective Order:**  This Order shall be applicable to and govern all

7    depositions, documents, information or things produced by a party or third party in connection with

8    this litigation in response to requests for production of documents, answers to interrogatories,

9    responses to request for admissions, answers to deposition questions and all other discovery taken

10   pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in

11   evidence, and other information that the Disclosing Party designates as "CONFIDENTIAL

12   BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" (or

13   a reasonably similar designation) furnished, directly or indirectly, by or on behalf of any party or any

14   non-party witness in connection with this action.  As used herein, "Disclosing Party" shall refer to

15   the parties to this action and to third parties that give testimony or produce documents or other

16   information, and "Receiving Party" shall refer to the parties to this action and to third parties that

17   receive such information.

18   2.    **Definitions:**  For purposes of this Order, "CONFIDENTIAL BUSINESS

19   INFORMATION" means any information that a party or third party believes in good faith to be

20   confidential or sensitive information including, but not limited to, trade secrets, research, design,

21   development, financial, technical, marketing, planning, personal or commercial information, as such

22   terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure and any applicable case law

23   interpreting Rule 26(c)(7).  "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall

24   include and be limited to (a) source code, and (b) documents related to current or future business

25   plans or strategies.  "PROTECTED INFORMATION" means "CONFIDENTIAL BUSINESS

26   INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."

27   3.    **Persons With Access to "OUTSIDE ATTORNEYS' EYES ONLY**

28   **INFORMATION":**  In the absence of written permission from the Disclosing Party or third party,

STIPULATED [PROPOSED] PROTECTIVE ORDER          1          CASE NO. 05CV1392 B (BLM)

or an order from the Court, information designated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall be used solely for the purposes of this action, may not be disclosed to any employee of the receiving party and may be disclosed only to the following persons:

      a.   **Outside Counsel:**  Outside counsel of record in this action, and paralegal assistants, information technology, administrative and clerical employees working under the direct supervision of such attorneys;

      b.   **Outside Experts and Consultants:**  Any outside expert or consultant, whether testifying or non-testifying, who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, and qualified according to paragraph 5 below, with disclosure only to the extent necessary to perform such work;

      c.   **Court Reporters:**  Any interpreter, videographer, or court or other shorthand reporter or typist translating, recording or transcribing testimony that includes "PROTECTED INFORMATION";

      d.   **Authors and Recipients:**  Any employee of the disclosing party whom the document sought to be disclosed to that person indicates on its face is an author or authorized recipient of the document;

      e.   **Service Contractors:**  Service contractors (such as document copy services, jury or trial consultants, database support groups, exhibit preparation organizations and the like);

      f.   **The Court:**  Personnel of the Court and all appropriate courts of appellate jurisdiction; and

      g.   Any other person agreed to by the parties in writing.

      h.   **Required Undertaking:**  "PROTECTED INFORMATION" shall not be disclosed to persons described in paragraphs 3(b), (e) and (g) unless and until such person has executed an Agreement in the form attached hereto as Exhibit A, and such Agreement has been served on counsel for all parties.

      4.     Persons With Access to "CONFIDENTIAL BUSINESS INFORMATION":  In the absence of written permission from the Disclosing Party, or an order of the Court, information

1   designated as "CONFIDENTIAL BUSINESS INFORMATION" should be used solely for the

2   purposes of this action and may be disclosed only the to following persons:

3       a.   Any person having access to "OUTSIDE ATTORNEYS' EYES ONLY

4   INFORMATION";

5       b.   **Select In-House Litigation Attorneys:**  Only the following in-house litigation

6   attorneys:  for Broadcom Corporation ("BROADCOM"), Matthew Delgiorno, Intellectual

7   Property and Litigation Attorney; for Qualcomm Incorporated ("QUALCOMM"), Roger

8   Martin, Vice President, Patent Counsel.  This disclosure will be limited to

9   "CONFIDENTIAL BUSINESS INFORMATION" submitted by BROADCOM and

10  QUALCOMM and specifically will not include any "CONFIDENTIAL BUSINESS

11  INFORMATION" produced by a third party; and

12      c.   Any other person agreed to by the parties in writing.

13      d.   **Required Undertaking:**  "PROTECTED INFORMATION" shall not be

14  disclosed to persons described in paragraphs 4(b) and (c) unless and until such person has

15  executed an Agreement in the form attached as Exhibit A, and such Agreement has been

16  served on counsel for all parties.

17      5.   **Qualification of Outside Experts and Consultants:**  Outside experts and

18  consultants shall not be current employees of a party or have been employed by a party within one

19  (1) year prior to the disclosure of "PROTECTED INFORMATION."  Such "PROTECTED

20  INFORMATION" shall not be disclosed to any such expert or consultant until after a period of ten

21  (10) calendar days after service, by facsimile and regular mail, on all parties of identifying

22  information for the expert or consultant, including his/her name, address and job title, the name and

23  address of his/her employer and a current curriculum vitae including a list of all companies for

24  which such person has consulted during the last three (3) years.  The party receiving notice of such

25  expert and service of such identifying information shall have ten calendar days from the date of such

26  notice to object in writing to the provision of "PROTECTED INFORMATION" to the outside expert

27  or consultant.  Unless the parties otherwise resolve the objection, the objecting party shall have an

28  additional ten calendar days from the date of service of the identifying information regarding the

1   expert to file an appropriate motion to preclude the employment of the expert or consultant and/or

2   disclosures of "PROTECTED INFORMATION" to him or her, and no "PROTECTED

3   INFORMATION" that is the subject of the objection will be disclosed until the motion is decided.

4   The times to respond as set out in this subparagraph shall not begin to run unless the identifying

5   information served regarding the expert complies with the requirements set out herein

6          6.       Persons Barred From Access to "PROTECTED INFORMATION": "PROTECTED

7   INFORMATION" shall not be disclosed to persons described above if such persons:

8          a.   **Patent Related Work:**  Are involved, directly or in supervisory, strategic,

9   consultative or advisory roles in the representation of the Receiving Party before the United

10   States Patent and Trademark Office (including the participating in or directing of the drafting

11   of claims) or the development of the Receiving Party's patent portfolio, in connection with

12   the prosecution of a case relating to the wireless communication technology that forms the

13   basis of one or more of the patents-in-suit.

14          b.   **Competitive Decision Making and Advising:**  Are currently participating or

15   will participate, directly or indirectly:

16                i.       in competitive decision-making relating to the wireless communication

17   technology that forms the basis of one or more of the patents-in-suit; or

18                ii.       otherwise advising company officers or members of the board of

19   directors on legal or non-legal matters directly (except as to the conduct or resolution

20   of this matter or any Related Action, as that term is defined below),

21                iii.       where such decision-making or advice may be materially influenced

22   by knowledge of "PROTECTED INFORMATION" about the Disclosing Party's

23   activities in the wireless communication technology that forms the basis of one or

24   more of the patents-in-suit.

25          c.   **Exceptions:**  Persons falling under paragraphs 6.a. and 6.b. may be given access

26   to "PROTECTED INFORMATION" if they forswear the activities described in paragraphs

27   6.a. and 6.b. for the period commencing with their first access to "PROTECTED

28   INFORMATION" from the Disclosing Party and ending one (1) year after the conclusion of

this litigation, including appeals. "PROTECTED INFORMATION" shall not be disclosed to persons described in paragraphs 6(c) unless and until such person has executed an Agreement in the form attached as Exhibit A and such Agreement has been served on counsel for all parties.

        d.   **Forswearing Prohibited Activities:**  All recipients of "PROTECTED INFORMATION" under this Protective Order shall forswear the activities described in paragraphs 6.a. and 6.b. for the period commencing with their first access to "PROTECTED INFORMATION" from the Disclosing Party and ending (1) year after the conclusion of this litigation, including appeals.  All recipients of "PROTECTED INFORMATION" shall also forswear the activities described in paragraph 6.a. related to the prosecution of a patent application of the Receiving Party related to wireless communication technology that forms the basis of one or more of the patents-in-suit with a priority date less than one (1) year after the date of subscription to the Protective Order.  Such recipients shall forswear such activities related to the prosecution of such applications for the entirety of the prosecution (including all reexaminations and reissues).

        e.   **Ethical Wall:**  An ethical wall shall be established to prevent the transmission or communication of "PROTECTED INFORMATION" between persons given access to such information under this Protective Order and persons described in paragraph 6.a.

    7.   **Storage and Copies of "PROTECTED INFORMATION":**  The recipient of any "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information; provided, however, that BROADCOM's and QUALCOMM's designated in-house litigation counsel shall maintain any "CONFIDENTIAL BUSINESS INFORMATION" provided pursuant to this Protective Order in a locked file cabinet in a segregated file or in the electronic equivalent that prevents access by any other personnel of the Receiving Party.  "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS'

1 EYES ONLY INFORMATION" shall not be copied, reproduced, summarized or abstracted, except

2 to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary

3 for the conduct of this lawsuit. All such copies, reproductions, summaries and abstractions shall be

4 subject to the terms of this Protective Order, and labeled in the same manner as the designated

5 material on which they are based.

6     8.    **Source Code Protocol:** The parties have agreed on the following protocol for the

7 inspection of source code, which refers to human-readable text files used as input to computer

8 programs that generate machine-readable files. Source code includes, but is not limited to, files

9 containing program text in "C", "C++", assembler, VHDL, Verilog, and digital signal processor

10 (DSP) programming languages. Source code further includes "make" files, link files, and other

11 human-readable text files used in the generation and/or building of software directly executed on a

12 microprocessor, microcontroller, or DSP. Source code does not include binary executable files and

13 object code files.

14     a.    The Disclosing Party will provide pre-Bates stamped and pre-confidentiality

15 designated stamped (but otherwise blank) printing paper. Source code may only be printed

16 on such paper on a designated printer at a secure facility(ies) designated by the Disclosing

17 Party.

18     b.    Only those persons identified in paragraphs 3(a), (b) and (g) may have access to

19 the secure facility(ies) for inspection of the Disclosing Party's source code. The Receiving

20 Party's counsel shall provide to outside counsel for the Disclosing Party the names of any

21 individual who will require access to the secure facility at least three business days before

22 such access will be granted the first time. Individuals who have been previously identified

23 according to this paragraph may access the secure facility, consistent with the normal

24 practice at the facility, without further approval, although the Disclosing Party shall be

25 informed each time such person accesses the secured facility.

26     c.    If the individual(s) inspecting the Disclosing Party's source code desire to take

27 notes, all such notes will be taken on bound (spiral or other type of permanently bound)

28 notebooks. No loose paper or other paper that can be used in a printer may be brought in to

the secure facility.

d.  Outside counsel for BROADCOM and QUALCOMM will make arrangements with the designated facility(ies) for the computer and the printer. The Receiving Party may request that specific standard software analysis tools used by the Disclosing Party be available on the Disclosing Party's computer, which request shall not be unreasonably denied. To the extent that these standard software analysis tools generate output files, such files shall be used only for the purposes of this litigation and shall be subject to the provisions of paragraph 21. Any such output files shall be designated "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," and treated accordingly. The Disclosing Party shall not record, monitor, or otherwise attempt to obtain the work product of the Receiving Party during the inspection.

e.  No computer component or peripheral that may be suitable for use with the computer or printer in the room (including hard drives and floppy drives, tape drives, modems and modem cards, etc.) will be permitted in the secure facility(ies).

f.  At the end of each working day, all originally printed pages will be retained by Disclosing Party representatives who will then make one copy for a designated individual from the Receiving Party. Only such copies of selected source code may be removed from the facility by the individuals identified in paragraphs 3(a), (b) and (g). Printing and copying may not be done in such volume as to circumvent the purpose of this provision in protecting the parties' source code to the fullest extent possible.

g.  No originally printed paper will be permitted to be removed from the facility other than by representatives of the Disclosing Party.

h.  Inspecting personnel will be required to give 3 business days notice before being granted access to the secure facility during normal working hours for the selected facility. Any person or party who fails to observe the notice requirement may be denied access.

9.  **Designating "PROTECTED INFORMATION":** Disclosing Parties shall designate "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY

INFORMATION" as follows:

      a.  **Documents:**  In the case of documents, interrogatory answers, responses to requests for admission, briefs, and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production:  "[Disclosing Party's] CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," along with the identity of the Disclosing Party and the case number (e.g. [Disclosing Party's] CONFIDENTIAL BUSINESS INFORMATION S.D. Cal. Case No. 05cv1392).  In the case of documents produced in discovery, the designation may alternatively be made by any means that identifies the disclosing party, the case and the level of confidentiality.  The foregoing shall not preclude the inclusion of additional text in such legend, such as "Subject to a Protective Order," or any other similar designation.  In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" at the time of its production, that party may within fourteen (14) days after becoming aware of its undesignated disclosure designate such information as "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" by giving written notice to all parties.  Under such circumstances, all Receiving Parties who have made further disclosures of such information shall comply with paragraph 17 below.  However, no Receiving Party shall have any other obligation or liability due to any disclosure of the information that occurred prior to the receipt of such notice; provided, however, any subsequent disclosures shall be in accordance with such designation.

      b.  **Deposition Proceedings:**  In the case of depositions, designation of the portion of the transcript (including exhibits) that contains "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall be made by a statement to such effect on the record in the course of the deposition; or upon review of such transcript, by counsel for the party to whose "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" the

deponent has had access, said counsel designating within thirty (30) calendar days after

counsel's receipt of the final transcript, and listing on a separate piece of paper the numbers

of the pages of the transcript containing "CONFIDENTIAL BUSINESS INFORMATION"

or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," inserting the list at the end

of the transcript, and mailing copies of the list to counsel for all parties so that it may be

affixed to the face of the transcript and each copy thereof.   Pending such designation by

counsel, the entire deposition transcript, including exhibits, shall be deemed

"CONFIDENTIAL BUSINESS INFORMATION," unless counsel during the deposition

states that the information is "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."

If no designation is made within thirty (30) days after receipt of the transcript, the transcript

shall be considered not to contain any "CONFIDENTIAL BUSINESS INFORMATION" or

"OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" other than those portions

designated on the record during the deposition, if any.   In the event that a party inadvertently

fails to designate portions of a transcript and exhibits thereto as "CONFIDENTIAL

BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY

INFORMATION,", that party may, within fourteen (14) days after becoming aware of its

inadvertent failure to designate, designate such information as "CONFIDENTIAL

BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY

INFORMATION" by giving written notice to all parties.   Under such circumstances, all

Receiving Parties who have made further disclosures of such information shall comply with

paragraph 17 below.   However, no Receiving Party shall have any other obligation or

liability due to any disclosure of the information that occurred prior to the receipt of such

notice; provided, however, any subsequent disclosures shall be in accordance with such

designation.   Counsel using third party "PROTECTED INFORMATION" during a

deposition shall designate portions of the transcript (including exhibits) that contain such

information in accordance with the third party designation.

     c.   **Non-Paper Media:**  Any "CONFIDENTIAL BUSINESS INFORMATION" or

"OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" produced in non-paper media

(e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION." In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," and the hard copy, transcription or printout shall be treated as it is designated.

10.   **Filing Under Seal:** Subject to public policy and further Court Order, nothing shall be filed under seal, and the Court shall not be required to take any further action with regard to material a party has designated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and "CONFIDENTIAL BUSINESS INFORMATION," without separate prior Court Order made after application by either party.

The party desiring to place any "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" before the Court shall file a motion for leave to file such information under seal along with a Proposed Order Sealing Documents. If that motion is granted, the party shall lodge the information in a sealed envelope along with a copy of the Order Sealing Documents. Said envelope shall be endorsed with the title of this action, an indication of the nature of the contents of such sealed envelope, the identity of the party filing the materials, either the phrase "CONFIDENTIAL BUSINESS INFORMATION" or the phrase "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT. UNLESS THE COURT ORDERS THAT IT NOT BE FILED, IT SHALL BE FILED UNDER SEAL.

11.   **Challenging Designation of Materials:** A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any

1 | party to this litigation disagrees at any stage of these proceedings with such designation, such party

2 | may provide to the Disclosing Party written notice of its disagreement with the designation.  The

3 | parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot

4 | be resolved, the party challenging the designation may request appropriate relief from the Court.

5 | The burden of proving that information has been properly designated as "CONFIDENTIAL

6 | BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" is

7 | on the party making such designation.  Any challenged designation remains in force until the

8 | propriety of such designation has been determined, either by agreement of the parties or by order of

9 | the Court as outlined above.

10 |      12.    **No Application to Public or Otherwise Available Information:**  Notwithstanding

11 | the designation, as provided above, of any testimony, evidence or other matters as

12 | "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY

13 | INFORMATION," said documents, testimony, evidence and other materials shall not, in fact, be

14 | deemed "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES

15 | ONLY INFORMATION," and shall not be subject to this Protective Order, if the substance thereof:

16 |      a.    is, at the time of disclosure by the Disclosing Party, public knowledge by

17 | publication or otherwise;

18 |      b.    has become, at any time, and through no act or failure to act on the part of the

19 | Receiving Party and without breach of any obligation of confidence, public knowledge;

20 |      c.    has previously been disclosed by the Disclosing Party to the Receiving Party in

21 | public; or

22 |      d.    has been made available to the Receiving Party by a third person who obtained it

23 | by legal means and without any obligation of confidence to the Disclosing Party.

24 |      e.    **Challenging Designation of Materials:**  If the Receiving Party believes that the

25 | Disclosing Party has designated information that is covered by subsections 12.a., b., c. or d.

26 | as "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES

27 | ONLY INFORMATION," the Receiving Party shall challenge the propriety of such

28 | designation using the procedure outlined in paragraph 11 above.  Any challenged designation

1   remains in force until the propriety of such designation has been decided as outlined above.

2       13.    **Use of "PROTECTED INFORMATION" Limited to This Action:**

3   "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY

4   INFORMATION" shall be used by the Receiving Party only for the purpose of conducting this

5   action, and not for any business or other purpose whatsoever.  No "CONFIDENTIAL BUSINESS

6   INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or the contents

7   thereof, shall be disclosed to or used with any representative, agent, attorney or employee of the

8   Receiving Party, except as provided herein.  Nothing contained in this Order shall preclude a

9   Disclosing Party from using or disseminating its own "CONFIDENTIAL BUSINESS

10   INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."

11       14.    **Limited Use Of Information And Production From Other Actions Between The**

12   **Parties:**

13           a.    A party can "reproduce" documents that it previously produced in another action

14   between the parties;

15           b.    When a party "re-produces" its own documents, it can either (1) re-use the Bates

16   numbers and confidentiality designations, or (2) assign new ones, at its option.  In either

17   event, it shall provide new CDs (or electronic copies in other agreed-upon formats) of such

18   documents to counsel of record in this case, along with written documentation (e.g., a cover

19   letter) making clear in which case(s) such documents are being produced;

20           c.    Subject to all limitations on use established by other protective orders in other

21   courts, if a party or its counsel believes that documents produced by another party in a

22   different case are relevant and responsive in the present case, such party or its counsel may

23   request that the producing party re-produce such documents, identified with particularity, in

24   the present case, marking such request as necessary to comply with applicable protective

25   orders of other courts;

26           d.    Within 14 days of receipt of such a request, the producing party shall either (1)

27   "re-produce" the documents in this case, or (2) provide a written statement explaining its

28   objection to doing so;

e.   If the requesting party or its counsel is dissatisfied with the explanation provided in 14.d.(2), above, such party or its counsel may bring a motion to compel production in this court, without further need for meet-and-confer; and

f.   Nothing in this paragraph is intended to amend, modify or in any way alter the restrictions, terms and conditions of protective orders entered in other cases.

15.   **Use in Court Proceeding Will Not Affect Confidential Status:**  In the event that any "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

16.   **Third Party "PROTECTED INFORMATION":**  Third parties may (a) designate deposition transcripts and any documents or information they produce, whether voluntarily or by subpoena, as "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" to the same extent and in the same manner as parties to this litigation and such documents or information shall be treated by the parties to this litigation in the same manner as documents or information so designated by a party; and (b) intervene in this litigation to enforce the provisions of this Protective Order as if they were a party.

17.   **Inadvertent Disclosure:**  If "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall notify the Disclosing Party of the inadvertent disclosure and use its best efforts to retrieve immediately all copies of such document(s) or information and to bind such person to the terms of this Protective Order, including cooperating in obtaining an order of the court to remedy the disclosure, if necessary.  In such event, the Receiving Party also shall (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the Disclosing Party and inform the Disclosing Party of all pertinent facts relating to such disclosure, and (c) request such person to sign the acknowledgment in

1   the form attached hereto as Exhibit A.  These provisions also apply to information that was not

2   marked at time of disclosure, but was subsequently marked pursuant to paragraphs 9.a. and 9.b.

3       18.     **Use of Party's Own Information Allowed:**  Nothing in this Protective Order shall

4   preclude any party to the lawsuit or its attorneys from disclosing or using, in any manner or for any

5   purpose, any information or documents from that party's own files that the party itself has

6   designated as "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS'

7   EYES ONLY INFORMATION."

8       19.     **Subpoenas in Other Actions:**  In the event any Receiving Party having possession,

9   custody, or control of any "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE

10  ATTORNEYS' EYES ONLY INFORMATION" receives from a third party a subpoena or other

11  process or order to produce such information in another legal proceeding, such Receiving Party shall

12  notify counsel for the Disclosing Party of the subpoena or other process or order, furnish counsel for

13  the Disclosing Party with a copy of said subpoena or other process or order, and cooperate with

14  respect to all reasonable procedures sought to be pursued by the Disclosing Party whose interests

15  may be affected to protect its "PROTECTED INFORMATION."  The Disclosing Party or third

16  party asserting the "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE

17  ATTORNEYS' EYES ONLY INFORMATION" designation shall have the burden of challenging or

18  otherwise defending against such subpoena, process or order.  Until and unless there is an agreement

19  between the parties or a further order of the Court, the party receiving the subpoena or other process

20  or order shall ensure protection of confidentiality.

21      20.     **Exclusion of Individuals From Depositions:**  Counsel for either party shall have the

22  right to exclude from oral depositions, other than the deponent, the deponent's counsel, the deposing

23  counsel, the videographer and the reporter, any person who is not authorized by this Protective Order

24  to receive documents or information designated "CONFIDENTIAL BUSINESS INFORMATION"

25  or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."  Such right of exclusion shall be

26  applicable only during periods of examination or testimony directed to or comprising

27  "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY

28  INFORMATION" of the party seeking to exclude the person from the deposition.

21. **Conclusion of Litigation:** Within sixty (60) days of the termination of all of this action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party will, at the option of the Disclosing Party, either return to the Disclosing Party or destroy all "CONFIDENTIAL BUSINESS INFORMATION" and all "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" produced by the Disclosing Party or Third Party, all work product containing such information and all copies thereof. The sole exception to this requirement is that outside counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product, trial transcripts and trial exhibits admitted into evidence.

22. **Protective Order Survives Termination of Litigation and the Court Retains Jurisdiction:** Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

23. **All Rights Reserved:** This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

24. **No Waiver of Any Right to Object:** This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

25. **No Waiver of Privilege or Work Product:** It is agreed that inadvertent production of documents or information subject to the attorney-client privilege or work product immunity (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work product immunity with respect to such production or with respect to other materials or information referred to in the materials produced, if a request for return or destruction of such documents or information is made promptly after the disclosing party learns of its inadvertent production. Upon such request, the other party or

1  parties shall promptly destroy or return to the Producing Party all copies of the requested documents

2  and information.  Such action shall not constitute an acknowledgment that the claimed document or

3  information is in fact privileged or entitled to any protection or immunity.  Nothing in this paragraph

4  shall prejudice the right of any party to seek discovery of communications, documents and things as

5  to which a claim of privilege or protection has been made.

6      26.    **Advice Based On "PROTECTED INFORMATION" Allowed:**  Nothing in this

7  Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with

8  respect to this litigation and, in the course of rendering advice, referring to or relying generally on

9  the examination of "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE

10 ATTORNEYS' EYES ONLY INFORMATION"; provided, however, that in rendering such advice

11 and in otherwise communicating with his client, the attorney shall not disclose the contents of any

12 "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY

13 INFORMATION" produced by another party if that disclosure would be contrary to the terms of this

14 Protective Order.

15     27.    **No Effect On Other Legal Obligations:**  This Protective Order shall not abrogate or

16 diminish any contractual, statutory or other legal obligation or right of any party or person with

17 respect to any "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS'

18 EYES ONLY INFORMATION."  The fact that information is designated "CONFIDENTIAL

19 BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION"

20 under this Protective Order shall not be deemed to be determinative of what a trier of fact may

21 determine to be confidential or proprietary.

22     28.    **Redaction Allowed:**  Any Producing Party may redact from the documents and

23 things it produced matter that the Producing Party claims is subject to attorney-client privilege, work

24 product immunity, a legal prohibition against disclosure, or any other privilege or immunity.  The

25 Producing Party shall mark each thing where matter has been redacted with a legend stating

26 "REDACTED," as appropriate, or a comparable notice.  Where a document consists of more than

27 one page, at least each page on which information has been redacted shall be so marked.  The

28 Producing Party shall preserve an unredacted version of each such document.  This provision shall

1   not affect any obligation to provide a log of information redacted or otherwise withheld on the basis

2   of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other

3   privilege or immunity.

4        29.   **Violations of Protective Order:**  In the event that any person or party should violate

5   the terms of this Protective Order, the aggrieved disclosing party may immediately apply to obtain

6   injunctive relief against any such person or party violating or threatening to violate any of the terms

7   of this Protective Order.  The parties and any other person subject to the terms of this Protective

8   Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this

9   Protective Order.

10       30.   **Reasonable Modifications Upon Written Agreement:**  The parties may agree in

11  writing to reasonable modifications of this Protective Order.

12       31.   **Headings:**  The headings herein are provided only for the convenience of the parties,

13  and are not intended to define or limit the scope of the express terms of this Protective Order.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1      32.    This Order is made without prejudice to either party seeking a further Order

2 concerning any document or information felt to be entitled to a greater degree of protection.

3 Respectfully Submitted:

4 By: _____        By: _____

5 Dated: __4/18/06__       Dated: __4/18/06__

6 James R. Batchelder (Bar No. 136347)    Robert S. Brewer, Jr. (SBN 65294)

7 DAY CASEBEER MADRID & BATCHELDER   James S. McNeill (SBN 201663)
LLP                       MCKENNA LONG & ALDRIDGE LLP

8 20300 Stevens Creek Blvd., Suite 400    750 B Street, Suite 3300
Cupertino, CA 95014         San Diego, CA 92101

9 Telephone: (408) 873-0110      Telephone (619) 595-5400

10 David E. Kleinfeld (Bar No. 110734)    William F. Lee (admitted pro hac vice)
Barry J. Tucker (Bar No. 164163     Mark D. Selwyn (admitted pro hac vice)

11 HELLER EHRMAN LLP       Wilmer Cutler Pickering Hale and Dorr LLP

12 4350 La Jolla Village Drive, 7th Floor   60 State Street
San Diego, CA 92122        Boston, MA 02109

13 Telephone: (585) 450-8400      Telephone: (617) 526-6000

14 Robert T. Haslam (Bar No. 71134)    James L. Quarles III (admitted pro hac vice)
Nitin Subhedar (Bar No. 171802)    Wilmer Cutler Pickering Hale and Dorr LLP

15 HELLER EHRMAN LLP       1455 Pennsylvania Avenue, N.W.

16 275 Middlefield Road        Washington , D.C. 20004
Menlo Park, CA 94025       Telephone: (202) 942-8400

17 Telephone: (650) 324-7000

18 Louis M. Lupin (Bar No. 120846)    Thomas J. Wimbiscus (admitted pro hac vice)
Alexander H. Rogers (Bar No. 131879)   Stephen F. Sherry (admitted pro hac vice)

19 Roger Martin (Bar No. 195003)     Gregory C. Schodde (admitted pro hac vice)
QUALCOMM INCORPORATED     McAndrews, Held & Malloy, LTD.

20 5775 Morehouse Drive        500 West Madison Street, 34th Floor
San Diego, CA 92121        Chicago, Illinois 60661

21 Telephone: (858) 658-1121      Telephone: (312) 775-8000

22                               Attorneys for Defendant-Counterclaimant
Attorneys for Plaintiff-Counterdefendant   Broadcom Corporation

23 QUALCOMM Incorporated

24

25                                  **ORDER**

26 IT IS SO ORDERED.

27 Dated: __5/2/06__ _____
                               United States Magistrate Judge

28

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION**

**COVERED BY PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action (Case No. 05 cv 1392 B (BLM)) by the United States District Court for the Southern District of California (hereinafter, "the Protective Order").

1.    I have read the protective order, and an attorney has answered any questions I had about its terms.

2.    I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

3.    If I receive documents or information designed as "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

4.    In the absence of written permission from the Disclosing Party, or an order of the Court, I agree to hold in confidence all information disclosed to me pursuant to the terms of the Protective Order and to use such information solely for the purposes of this action.

5.    I hereby submit myself to the jurisdiction of the United States District Court for the Southern District of California for resolution of any matters pertaining to the Protective Order.

6.      I will not have any involvement in the activities set forth in paragraphs 6.a. and 6.b. of the Protective Order during the course of this litigation, including appeals, and for a period of one (1) year following termination of this litigation, including appeals.  Nor will I have any involvement in the activities described in paragraph 6.a. of the Protective Order related to the prosecution of a patent application of the Receiving Party related to wireless communication technology  that forms the basis of one or more of the patents-in-suit with a priority date less than one (1) year after the execution date of this Agreement.

My address is_____

_____

_____

My present employer is _____

Dated:_____           Signed: _____

**QUALCOMM INCORPORATED v. BROADCOM CORPORATION**
**United States District Court Case Nos. 05-CV-01392 B (BLM)**

## CERTIFICATE OF SERVICE

I, James S. McNeill, certify that I caused to be served upon the following counsel and parties of record a copy of the following document(s):

- **STIPULATED (PROPOSED) PROTECTIVE ORDER**

via personal service, overnight mail (VIA UPS Overnight), facsimile or first class mail, as indicated below:

| | |
|---|---|
| Barry Jerome Tucker, Esq.<br>HELLER EHRMAN LLP<br>4350 La Jolla Village Drive, 7th Floor<br>San Diego, CA 92122<br>Tel.: (858) 450-8478/**Fax: (858) 450-8499**<br>**barry.tucker@hellerehrman.com** | *Attorneys for Plaintiff* |

**Via U.S. Mail**

| | |
|---|---|
| Chris Mammen, Esq.<br>James R. Batchelder, Esq.<br>DAY CASEBEER MADRID & BATCHELDER LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA 95014<br>Tel: (408) 873-0110/**Fax:  (408) 873-0220**<br>**jbatchelder@daycasebeer.com**<br>**cmammen@daycasebeer.com** | *Attorneys for Plaintiff* |

**Via U.S. Mail**

| | |
|---|---|
| Nitin Subhedar, Esq.<br>HELLER EHRMAN LLP<br>275 Middlefield Road<br>Menlo Park, CA 94025<br>Tel: (650) 324-7000/**Fax:  (650) 324-0638**<br>**nitin.subhedar@hellerehrman.com** | *Attorneys for Plaintiff* |

**Via U.S. Mail**

Executed on **April 18, 2006,** in San Diego, California.

_____
James S. McNeill

SD:22144931.1

05CV01392