1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   QUALCOMM INCORPORATED,           )   Case No. 05cv1392-B (BLM)
                                       )
12              Plaintiff,             )   **ORDER GRANTING IN PART AND**
     v.                                )   **DENYING IN PART QUALCOMM'S**
13                                     )   **MOTION FOR RECONSIDERATION OF**
     BROADCOM CORPORATION,             )   **THE COURT'S RULING DENYING ITS**
14                                     )   **MOTION TO COMPEL REGARDING**
                Defendant.             )   **INVENTOR NOTEBOOKS**
15   _____   )
     BROADCOM CORPORATION,             )   **[DOC. NO. 424]**
16                                     )
                Counterclaimant,       )
17   v.                                )
                                       )
18   QUALCOMM INCORPORATED,            )
                                       )
19              Counterdefendant.      )
     _____   )
20

21       On October 6, 2006, Qualcomm filed a total of six motions to

22   compel, including a motion to compel discovery of specific inventor

23   notebooks and engineering logs.  Doc. No. 302.  Broadcom timely opposed

24   Qualcomm's request for inventor notebooks on October 13, 2006, and

25   Qualcomm filed a reply five days later.

26       The Court heard oral argument on the parties' discovery motions on

27   November 2, 2006, issuing bench rulings on each motion.  <u>See</u> Doc. No.

28   407 (order summarizing the Court's rulings on the parties' motions to

compel).   During the hearing, Qualcomm withdrew its motion to compel production of the inventor notebooks because Intermec recently produced them in response to Qualcomm's subpoena.   <u>Id.</u>   The Court denied Qualcomm's request to re-open the depositions of Steven Koenck, Patrick Kinney, and Ronald Mahany, the named inventors of United States Patent Number 5,500,872 (the "'872 patent").[1]   <u>Id.</u>

On November 6, 2006, Qualcomm filed the motion currently before the Court, through which it asks that the Court reconsider its denial of Qualcomm's request to re-open the Koenck deposition. Doc. No. 424. The Court took the motion under submission pursuant to Civil Local Rule 7.1(d)(1).

Having reviewed the briefing and all supporting documents submitted, and for the reasons set forth below, Qualcomm's Motion for Reconsideration of the Court's Ruling Denying its Motion to Compel Regarding Inventor Notebooks is **GRANTED IN PART** and **DENIED IN PART**. Doc. No. 424.

<u>**LEGAL STANDARD**</u>

Pursuant to Civil Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." CivLR 7.1(i)(1); <u>see also</u> <u>United States v. Martin</u>, 226 F.3d 1042, 1049 (9th Cir. 2000) (explaining that where reconsideration of a non-final order is sought, the district court has inherent jurisdiction to modify, alter, or revoke its earlier

---

[1]   The invention claimed in the '872 patent is an apparatus for decoding an incoming spread spectrum signal in a receiver. Q's Mem. at 1;   <u>see also</u> Opening Kassabian Decl. Ex. D (the '872 patent abstract).   Originally obtained by Norand Corporation, the '872 patent subsequently was acquired by Intermec and then by Broadcom.   Q's Mem. at 1.

ruling).   The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."   CivLR 7.1(i)(1).   Civil Local Rule 7.1(i)(2) permits motions for reconsideration within thirty (30) days of the entry of the ruling sought to be reconsidered.   CivLR 7.1(i)(2).

## DISCUSSION

Qualcomm contends that after the Court denied its motion to compel the re-deposition of Steven Koenck, it obtained from Intermec notebook entries that allegedly raise questions as to the inventorship, conception, and knowledge of undisclosed prior art such that Koenck's further deposition is warranted.   Q's Mem. at 2.   In support, Qualcomm submitted for the Court's review five (5) newly obtained documents about which it hopes to question Koenck.   Id. at Exs. 1 (notes from a Cricket II "PRD" meeting), 2 (notes describing possible solutions to problems involved in the use of spread spectrum technology (SST) in the Cricket I and II products, and meeting notes detailing Norand's SST approach, plans, and goals), 3 (engineering log sheets titled "Omnipoint SST Digital Logic," with attached circuit schematics), 4 (engineering log sheets from SST meetings and problem solving notes regarding SST), and 5 (Omnipoint proprietary document describing Omnipoint's spread spectrum radio modem's capabilities, with attached circuit schematics).[2]   Qualcomm

---

[2]   For those notebook entries that include circuitry diagrams of Omnipoint designs, Qualcomm seeks to determine whether (1) Norand engineers other than Koenck were made aware of these designs, (2) the designs reflect the work of Omnipoint personnel, (3) the designs were used in the Norand spread spectrum receiver that formed the basis of the '872 patent's disclosures, and (4) portions of the '872 patent's disclosures drew from these designs.   Q's Mem. at 2; see also id. at Ex. 3.   For those entries that concern the Cricket II device, Qualcomm seeks to verify whether the

1   argues that Broadcom's failure to include these notebooks in its

2   original document production prevented its thorough questioning of

3   Koenck regarding these topics, and, more specifically, the extent to

4   which Omnipoint's technology assisted Norand's development of the

5   invention claimed in the '872 patent.  Id. at 2-4.  As such, Qualcomm

6   claims it will suffer prejudice if it is not allowed to question Koenck

7   about these newly obtained notebook entries.  Id. at 4.  Finally,

8   Qualcomm insists that Broadcom's failure to produce these documents

9   justifies its request that Broadcom bear all costs associated with

10  Koenck's second deposition.  Id.

11      Broadcom denies that Qualcomm identifies any documentary evidence

12  relevant to the invention claimed in the '872 patent that warrants

13  Koenck's further deposition.  B's Opp. at 1-5.  According to Broadcom,

14  the additional notebook entries regarding Omnipoint's work with Norand

15  concern Norand's SST project in general, and not the invention claimed

16  in the '872 patent.  Id. at 2-3; see also Opening McBride Decl. Ex. C

17  (Koenck deposition transcript excerpts where Koenck reviews notebook

18  entries referencing Norand's SST project, and testifies that the entries

19  are seemingly unrelated to the subject matter of the '872 patent).

20  Broadcom also contends that Qualcomm neither has nor can point to any

21  document that suggests Omnipoint's work with Norand is relevant to the

22  '872 patent's conception or reduction to practice.[3]  B's Opp. at 3.

23  ───────────────────

24  Cricket II or Norand's spread spectrum receiver required the use of Omnipoint

25  technology to meet Norand's device size, wireless range, and error rate requirements.
    Id. at 3; see also id. at Exs. 1-2, and 4.  Qualcomm also seeks to verify whether any

26  of these documents contain the Omnipoint and Norand schematics used to develop Norand's

27  spread spectrum project.  Id. at 3; see also id. at Ex. 5.

28      [3]  In addition, Broadcom claims that the United States Patent and Trademark
    Office has echoed this reasoning, noting that the Patent Examiner confirmed that

1    Moreover, Broadcom argues that Qualcomm offers no justification for
2    its failure to question Koenck about Omnipoint's work with Norand during
3    his initial deposition.  _Id._ at 4-5.  In support, Broadcom highlights
4    that Qualcomm was made aware of the Norand-Omnipoint collaboration as
5    early as June 2, 2006, when it received excerpts from Koenck's notebooks
6    that identified the conception of the '872 patent and suggested the
7    extent of this collaboration.  _Id._ at 4; _see also_ Anderson Decl. Ex. 1.
8    Next, Broadcom underlines that Koenck produced a detailed index of his
9    engineering notebooks well in advance of his deposition, which included
10   entries entitled "SST Meeting" and "Cricket II SST Meeting."  B's Opp.
11   at 4.  In addition, Broadcom emphasizes that Qualcomm's longstanding
12   awareness of Omnipoint's work is evidenced by its reliance on at least
13   one of Omnipoint's patents in its invalidity contentions and due to
14   specific references cited in the '872 patent's prosecution history.  _Id._
15   at 4.  In other words, Broadcom declares that Qualcomm not only had
16   several months to seek information from Omnipoint prior to the discovery
17   cutoff, but also had ample opportunity to question Koenck about the
18   Norand-Omnipoint collaboration during his first deposition.  _Id._ at 5.
19   Broadcom therefore claims that Qualcomm should not be allowed to obtain
20   such discovery at this late stage of the case.  _Id._

21   In a final note, Broadcom argues that Qualcomm's motion is improper
22   because it seeks an order requiring Broadcom to make a non-party
23   available for deposition.  _Id._  Broadcom asserts that the Court has no
24   jurisdiction over Koenck, and as a result, declares that there exists no
25   basis on which to order it to produce Koenck for further deposition
26   questioning.  _Id._

27   The notebook entries about which Qualcomm seeks to question Koenck
28

Norand's correlator design is patentably distinct from Omnipoint's.  B's Opp. at 3.

1  repeatedly reference SST, include circuit schematics labeled

2  "Omnipoint," and compile the detailed notes Koenck made during his

3  employment at Norand regarding this technology.  See Q's Mem. at Exs. 1-

4  5.  This, coupled with Koenck's earlier testimony that Norand and

5  Omnipoint collaborated on SST, see Opening Kassabian Decl. Ex. A at 11-

6  12, 14, 18, and 30 (attaching Koenck deposition transcript excerpts),

7  suggests that these notebook entries are relevant to, or in the very

8  least could lead to the discovery of admissible evidence regarding

9  Norand's conception and development of the invention claimed in the '872

10  patent.  Indeed, Broadcom produced similar notebook entries to Qualcomm

11  both prior to and on the date of Koenck's initial deposition.  See

12  Anderson Decl. Ex. 1 (attaching Koenck deposition exhibit 4, which

13  similarly discusses SST and Omnipoint).  Not having had the benefit of

14  the recently acquired notebook entries prior to Koenck's initial

15  deposition, Qualcomm was unable to question Koenck regarding the

16  information contained therein.  Regardless of whether Koenck's testimony

17  ultimately confirms or denies that the entries bear on the invention

18  claimed in the '872 patent, Qualcomm is entitled to discover the full

19  extent of Koenck's knowledge with respect to both his and his former

20  employer's conception and development of that patent.

21      Accordingly, the Court finds that Qualcomm is entitled to re-depose

22  Koenck, but only with regard to those notebook entries Qualcomm recently

23  obtained from Intermec.  The Court therefore modifies the discovery

24  schedule set forth in the applicable Case Management Conference Order(s)

25  to authorize Qualcomm to depose Koenck a second time.  However, because

26  Qualcomm has already deposed Koenck for at least five (5) hours, see

27  Opening McBride Decl. Ex. C at 2, 5, the second deposition is limited to

28  no more than two (2) hours, and must be completed on or before **December**

**8, 2006**.  Despite Qualcomm's arguments to the contrary, the Court finds it inappropriate to tax Broadcom with the costs associated with this second deposition.

In issuing this order, the Court recognizes that it is without jurisdiction to order Koenck to appear for a second deposition.  As Broadcom correctly notes, Koenck is a resident of Cedar Rapids, Iowa, and was subpoenaed and appeared for his first deposition at the behest of another court.  Thus, this Court has no authority under that subpoena to order Koenck to appear for additional questioning.  See Fed. R. Civ. P. 37(a)(1) ("An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be taken."); Fed. R. Civ. P. 45(c)(3)(A) (the court by which a subpoena was issued has the authority, upon a timely motion, to quash or modify that subpoena).  As such, the Court finds only that Koenck's continued deposition, subject to the scope and duration limitations described above, is proper discovery in this case.  To the extent that Koenck objects to his continued deposition, the Court instructs both Koenck and the parties to present those objections to the court that issued the relevant subpoena.

## CONCLUSION

For the foregoing reasons, Qualcomm's Motion for Reconsideration of the Court's Ruling Denying its Motion to Compel Regarding Inventor Notebooks is **GRANTED IN PART** and **DENIED IN PART**.  Doc. No. 424.  The Court finds that the re-deposition of Koenck is appropriate in this case, and as such, **GRANTS** Qualcomm's motion to the extent that it seeks such discovery.  To the extent that Koenck consents to a second deposition, Qualcomm is entitled to question Koenck about the inventor notebook entries it recently acquired from Intermec.  The deposition

must be completed on or before **December 8, 2006**, and is limited to a maximum of two (2) hours.  To the extent that Koenck does object to a second deposition, such objections must be resolved by the court that issued Qualcomm's subpoena to Koenck.  Finally, Qualcomm's request that Broadcom be charged with the costs associated with this deposition is **DENIED**.

　　　**IT IS SO ORDERED.**


Dated: <u>November 20, 2006</u>

　　　　　　　　　　　　　　*Barbara L. Major*

　　　　　　　　　　　　BARBARA L. MAJOR
　　　　　　　　　　　　United States Magistrate Judge


COPY TO:

HONORABLE RUDI M. BREWSTER
U.S. DISTRICT JUDGE

ALL COUNSEL

05cv1392-B (BLM)