UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>          Plaintiff,<br>v.<br><br>BROADCOM CORPORATION,<br><br>          Defendant.<br>_____<br>BROADCOM CORPORATION,<br><br>          Counterclaimant,<br>v.<br><br>QUALCOMM INCORPORATED,<br><br>          Counterdefendant.<br>_____ | Case No. 05cv1392-B (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART BROADCOM'S MOTION FOR SANCTIONS REGARDING QUALCOMM'S FAILURE TO COMPLY WITH THIS COURT'S DECEMBER 5, 2006 ORDER REGARDING DOWNSTREAM PRODUCTS**<br><br>**[DOC. NO. 744]** |

On October 6, 2006, Broadcom filed a motion to compel discovery related to, among other things, Qualcomm's downstream products. Doc. No. 306. The Court heard oral argument on Broadcom's motion on November 2, 2006, and issued an Order memorializing its rulings soon thereafter. Doc. No. 407 (Order summarizing the Court's rulings on the parties' multiple discovery motions). With regard to downstream products, the Court granted Broadcom's request for additional documents and interrogatory responses, but denied its request for another Rule

30(b)(6) witness on this issue.  Id. at 4.

On December 1, 2006, the parties submitted for the Court's review a stipulation setting forth the parties' respective obligations regarding the timely production of discovery related to downstream products.  See Spuhler Decl. Ex. 4.  In relevant part, Qualcomm agreed to produce all documents responsive to Broadcom's downstream product-related discovery by December 22, 2006, and Broadcom, after receipt and review of such documents, agreed to provide a reasonable set of search terms for Qualcomm's use when performing searches of its Service Request ("SR") Database.[1]  Id. at 2-3.  The parties further agreed to "engage in their best efforts to complete agreement on the searches and production of documents prior to December 31, 2006."  Id. at 3.  The Court entered the parties' stipulation—with various procedural modifications—on December 5, 2006 (the "December 5th Order").[2]  Doc. No. 487.

Broadcom subsequently provided to Qualcomm a preliminary list of terms for Qualcomm's search of its SR Database.  Def's Mem. at 4; see also 2nd Spuhler Decl. Ex. 6 (e-mail attaching preliminary list of search terms).  The parties then exchanged a series of e-mails debating

---

[1]  Qualcomm describes its SR Database as a ticketing system that permits third party database users, including Qualcomm customers, to communicate with Qualcomm about Qualcomm products.  See Lacey Decl. at ¶ 2.  Qualcomm explains that SR Database users enter information on SR ticket forms, each of which is assigned a unique SR number.  Id.  Qualcomm defines the collection of all information in the SR Database corresponding to a particular SR number as a SR record.  Id.

[2]  Notably, the Court modified the final paragraph of the stipulation, in which the parties reserved their rights to file further discovery motions, as follows: "Discovery in this case closed on 10/2/06 and all discovery motions were required to be filed on or before 10/6/06.  Doc. No. 273.  Accordingly, the Court will NOT consider any new motions to compel or any other discovery motions."  Doc. No. 487 at 5 (emphasis in original).

the reasonableness of Broadcom's proposed search terms and the appropriate scope of Qualcomm's database search. <u>See</u> Venkatesan Decl. Exs. 8-13; <u>see also</u> 2nd Spuhler Decl. Ex. 7. Unable to reach an agreement on these issues, Broadcom filed the motion for sanctions currently before the Court.

Through the instant motion, Broadcom seeks preclusive sanctions for Qualcomm's alleged failure to produce discovery related to downstream products, and more specifically, for Qualcomm's refusal to perform what Broadcom contends are reasonable searches of Qualcomm's SR Database. Def's Mem. at 1, 5-9. In the alternative, Broadcom seeks the immediate production of an electronic copy of Qualcomm's SR Database. <u>Id.</u> at 1, 8-9. Qualcomm opposed Broadcom's motion on February 27, 2007, and Broadcom filed a reply on March 2, 2007. The Court found the briefing suitable for decision on the papers and without oral argument, taking the matter under submission pursuant to Civil Local Rule 7.1(d)(1). Doc. No. 827.

Having considered the arguments presented and all supporting documents submitted, and for the reasons set forth below, Broadcom's Motion for Sanctions Regarding Qualcomm's Failure to Comply with this Court's December 5, 2006 Order Regarding Downstream Products is **GRANTED IN PART** and **DENIED IN PART**. Doc. No. 744.

**LEGAL STANDARD**

Federal courts are vested with the authority to sanction litigants for discovery abuses under both the Federal Rules of Civil Procedure and pursuant to the court's inherent power to prevent abuse of the judicial process. <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44-46 (1991); <u>Aloe Vera of Am., Inc. v. United States</u>, 376 F.3d 960, 964-65 (9th Cir. 2004)). Where a party fails to comply with a discovery order, Federal

Rule 37 authorizes the court to impose a range of sanctions, including taking facts as established, precluding evidence, and dismissing the action or entering default judgment. Fed. R. Civ. P. 37(b)(2). Regardless of whether sanctions are imposed under the Federal Rules or pursuant to a court's inherent power, the decision to impose sanctions lies within the sound discretion of the court. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1109-14 (9th Cir. 2005) (reviewing sanctions imposed under the court's inherent power); Payne v. Exxon Corp., 121 F.3d 503, 510 (9th Cir. 1997) (upholding sanctions imposed under the Federal Rules).

Of those sanctions a court may select when applying Federal Rule 37, preclusion of evidence is among the most severe. Under certain circumstances, preclusive sanctions may be tantamount to dismissal, and in such cases, they are appropriate only where the violations at issue are willful or in bad faith. See United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir. 1980); Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 766, 771 (9th Cir. 1995). Moreover, "[e]xclusion sanctions based on alleged discovery violations are generally improper absent undue prejudice to the opposing side." Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 190 F.R.D. 644, 648 (N.D. Cal. 2000) (citing Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997)). The movant bears the burden of presenting evidence that it suffered "undue prejudice" as a result of its opponent's alleged misconduct. See Amersham, 190 F.R.D. at 648.

### DISCUSSION

Broadcom contends that Qualcomm's calculated delay in its production of court-ordered discovery related to downstream products warrants the imposition of preclusive sanctions. Def's Mem. at 5-8. In

particular, Broadcom alleges that Qualcomm's refusals to search its SR Database for select network operators, specific handset manufacturers, accused product part numbers, standard subsections, and other narrow search terms identified by Broadcom are not only improper, but in at least some instances, disregard the plain language of the Court's December 5th Order. Id.; see also Spuhler Decl. Ex. 4 at 2-3. Broadcom also takes issue with Qualcomm's refusals to perform searches that might yield numerous hits, insisting that Qualcomm should not be allowed to renege on its stipulated obligations simply because agreed-upon searches may require more effort than Qualcomm originally expected. Def's Mem. at 6. In short, Broadcom complains that Qualcomm has unilaterally limited its search of the SR Database to those terms Qualcomm itself selected, while refusing to inform Broadcom what search terms (or combination of search terms) it opted to use. Id. at 7. Broadcom maintains that such gamesmanship, beginning with Qualcomm's initial misrepresentations regarding its efforts to track downstream products, cannot remain unchecked. Id. at 1, 7-9; see also Spuhler Decl. Ex. 1 (attaching hearing transcript excerpts in which Qualcomm's counsel denied that Qualcomm formally collects information regarding downstream products). Broadcom therefore requests that Qualcomm be precluded from offering evidence that it is not liable for indirect infringement. Def's Mem. at 1, 7-9. As noted above, Broadcom alternatively requests that Qualcomm be ordered to make an electronic copy of its SR Database available for immediate inspection. Id.

Emphasizing that it has produced over ten thousand pages of SR Database documents, Qualcomm denies that it has somehow failed to comply with the December 5th Order, or that its conduct warrants any sanction. Plf's Corr. Opp. at 1, 4; see also Venkatesan Decl. at ¶ 8. In fact,

Qualcomm contends that it is Broadcom's failure to propose reasonable search terms, rather than its own alleged failure to fulfill its obligations under the December 5th Order that has delayed the production of discovery related to downstream products. Plf's Corr. Opp. at 1. According to Qualcomm, Broadcom's interpretation of what constitutes a "reasonable set of search terms" contemplates any search term relating to inducement—in effect, nearly anything germane to this case. Id. at 6. Qualcomm asserts that Broadcom's reading both exaggerates the scope of the discovery authorized by the Court and evidences Broadcom's attempts to obtain discovery that the Court has already declared irrelevant and non-responsive.[3] Id. at 7-8. For all these reasons, Qualcomm asks that Broadcom's request for preclusive sanctions be denied.[4] Id. at 9-10. Finally, Qualcomm claims that Broadcom's request for an electronic copy of the SR Database is infeasible, see Lacey Decl. ¶¶ 20-21, and proposes instead that Broadcom accept a dedicated, networked laptop computer connected to a complete copy of the SR Database. Plf's Corr. Opp. at 10-11.

In reply, Broadcom continues to argue that Qualcomm's conduct warrants the imposition of preclusive sanctions. Def's Reply at 1. Moreover, Broadcom considers Qualcomm's offer to make its SR Database

---

[3] Given the difficulty involved in searching the SR Database, Qualcomm also argues that the breadth of Broadcom's proposed searches, coupled with Broadcom's failure to provide a final list of search terms, would render Qualcomm's obligations under the December 5th Order unduly burdensome. Plf's Corr. Opp. at 8-9; see also Lacey Decl. ¶¶ 10-14, 16-18 (describing the difficulties involved in searching the SR Database).

[4] Qualcomm also argues that Broadcom's motion is barred by the plain language of the December 5th Order. Plf's Corr. Opp. at 5-6; see also Venkatesan Decl. Ex. 6 at 5. As noted above, the December 5th Order advised that the Court would not consider any new motions to compel or other such discovery motions. See Doc. No. 487 at 5.

available a "hollow compromise," claiming that Qualcomm unjustifiably refuses to allow Broadcom access to the database beyond March 23, 2007. Id. at 1-2, 6. Broadcom contends that limiting access to the SR Database to so brief a period—a period during which the parties must attend numerous hearings and prepare multiple pre-trial filings—would ensure that Broadcom is deprived of any ability to complete a meaningful analysis of the database. Id. Broadcom therefore requests that the Court sanction Qualcomm for its continued misconduct, or alternatively, require Qualcomm to make its SR Database available for inspection through April 20, 2007. Id. at 1-3, 6.

As a preliminary matter, the Court recognizes that the December 5th Order expressly advised that it would not entertain "any new motions to compel or any other discovery motions" in light of the long-passed discovery deadline. See Doc. No. 487 at 5. Indeed, as long ago as September 26, 2006, the Court notified the parties that "any and all remaining fact discovery disputes" were to be raised on or before October 6, 2006. See Doc. No. 273 at 2-3. Despite these instructions, the parties have on more than one occasion been unable to resolve additional discovery disputes without the Court's assistance. In fact, both parties have submitted (and continue to submit) discovery motions well after the discovery cutoff. See Doc. Nos. 405, 417, 424, 434, 595, 742, 835. Under these circumstances, and considering the parties' continued inability to exchange relevant discovery without engaging in motion practice, the Court finds it inappropriate to decline to entertain Broadcom's motion.

Turning to the merits of Broadcom's motion, the Court finds that the delay in Qualcomm's production of discovery related to downstream products does not warrant the severe penalty of preclusive sanctions.

As emphasized above, preclusive sanctions are among the most severe a court may impose, and, where the equivalent of a dismissal, are only appropriate upon a showing of willfulness or bad faith. See Sumitomo, 617 F.2d at 1369; Commodity Futures Trading Comm'n, 67 F.3d at 771. On the record presented, the Court discerns neither a clear violation of the December 5th order by Qualcomm, nor the willful or calculated effort to frustrate the discovery process that Broadcom describes. Id. Rather, the Court views the instant dispute as little more than an ongoing disagreement regarding the appropriate scope of Qualcomm's search of its SR Database, a dispute occasioned by the ambiguous language selected by the parties in defining their respective obligations with regard to downstream products discovery. Such a dispute is a far cry from the calculated misconduct Broadcom attributes to Qualcomm, and the delay resulting from that dispute does not warrant the harsh sanction Broadcom requests. See Amersham, 190 F.R.D. at 649 (underlining that "[p]reclusion of evidence or testimony is a grave step, and is by no means an automatic response to a delayed disclosure") (citation omitted).

Moreover, the Court finds that Broadcom fails to meet its burden of presenting evidence of "undue prejudice" as a result of the delayed discovery. Id. at 648 (underlining that preclusive sanctions are "generally improper" absent such a showing). The record reveals that Qualcomm has produced a significant number of documents both responsive to Broadcom's downstream products discovery requests and derived from its SR Database. See Plf's Corr. Opp. at 1, 4, 9; Venkatesan Decl. at ¶ 8. Qualcomm also has performed searches using at least some of the search terms Broadcom has proposed. See Plf's Corr. Opp. at 1, 5, 8-9; see also Lacey Decl. ¶¶ 16-18. In short, the record reveals that it is

the parties' dueling interpretations of what constitutes "reasonable" search terms that has stalled the discovery process, not any single party's alleged misconduct. Compare Def's Mem. at 5-7 with Plf's Corr. Opp. at 1, 3-8. On this record, and absent a clear indication of "undue prejudice" to Broadcom, the Court finds preclusive sanctions are unjustified. See Amersham, 190 F.R.D. at 648. As such, Broadcom's motion for preclusive sanctions is **DENIED**.

On the other hand, the Court finds that Broadcom's alternate request for immediate access to Qualcomm's SR Database will best address the parties' stalemate with regard to the December 5th Order. Such comprehensive access, with the exception of privileged materials, will remedy the ongoing delay in production of discovery related to downstream products, and perhaps more importantly, will obviate any need for the parties' agreement on the appropriate scope of a "reasonable set of search terms." Accordingly, Broadcom's request for immediate access to Qualcomm's SR Database is **GRANTED IN PART** and **DENIED IN PART**. Qualcomm shall provide for Broadcom's use a laptop computer connected to an off-line version of its SR Database under the conditions identified more fully below. Considering the rigorous pre-trial schedule currently in place, the Court finds it appropriate to grant Broadcom access to Qualcomm's SR Database beginning on **March 16, 2007** and continuing through and including **April 13, 2007**.

## CONCLUSION

In conclusion, Broadcom's Motion for Sanctions Regarding Qualcomm's Failure to Comply with this Court's December 5, 2006 Order Regarding Downstream Products is **GRANTED IN PART** and **DENIED IN PART**. Doc. No. 744.

///

Broadcom's request for the imposition of preclusive sanctions is **DENIED**.

Broadcom's request for immediate access to Qualcomm's SR Database is **GRANTED IN PART** and **DENIED IN PART**. On or before **March 16, 2007**, Qualcomm is ordered to provide for Broadcom's use a laptop computer with a VPN connection to an off-line version of Qualcomm's entire SR Database, with the exception of any privileged materials contained therein. Qualcomm is further ordered to provide to Broadcom the same search capability and client tools used by Qualcomm engineers, again excepting that capability or those tools that might disclose privileged material.[5] Finally, Qualcomm is ordered to provide Broadcom with a one (1) hour training tutorial and written instructions regarding how to use the SR Database and the Oracle Advanced Search tool. Broadcom shall have access to the above-described version of Qualcomm's SR Database continuing through and including **April 13, 2007**.

**IT IS SO ORDERED.**

Dated: March 13, 2007

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE RUDI M. BREWSTER
U.S. DISTRICT JUDGE

ALL COUNSEL

---

[5] In particular, the laptop computer shall be configured to provide access to the off-line SR Database through the "Oracle Advanced Search" tool used by Qualcomm engineers. The Oracle Advanced Search tool will provide Broadcom with the ability to search for and view all records contained in the off-line version of Qualcomm's SR Database, excepting privileged materials.